### W. L. TAYLOR v. C. C. HEGGIE.

*Corporate Seal—Mortgagor and Mortgagee.*

1. It seems that a corporation may adopt and make effectual as its seal the individual seals of its officers affixed to a deed of the corporation when it has no seal of its own.

2. A second mortgagee has no right to buy the estate of his mortgagor at a sale to satisfy a prior incumbrance, but he has a clear equity to be reimbursed for any expenditure, to relieve the estate of any incumbrances, and the property in his hands is charged therewith in preference to the trusts expressed in the mortgage deed.

3. Where a sale of mortgaged property is acquiesced in at the time by the mortgagor, he cannot afterwards recall such assent and contest the title of the vendee, either on the ground that the mortgage was invalid or that the particular purchaser had no right to buy.

(*Boyd* v. *Hawkins*, 2 Ired. Eq , 304, cited and approved.)

CIVIL ACTION to recover Land tried at Spring Term, 1879, of GRANVILLE Superior Court, before *Buxton, J.*

The plaintiff appealed from the judgment of the court below.

*Messrs. Gilliam & Gatling*, for plaintiff.

*Messrs. Reade, Busbee & Busbee*, and *G. V. Strong*, for defendant.

SMITH, C. J. The defendant becoming a redeemed shareholder in the People's Building and Loan Association, executed two deeds of mortgage conveying to it two tracts of land in Granville, one in July, 1873, for a tract known as for a tract known as the "Sassafras Fork land," in trust to the "Hunt land," the other in October of the same year, secure and provide for certain liabilities incurred and that might be incurred under the rules and operations of the association, with a power of sale in case of default. The defendant, being also indebted to the plaintiff for money loaned,

executed to him on January 22d, 1874, his bond in the sum of three hundred and five dollars and twenty-four cents, at eight per cent. interest, and to secure the payment thereof conveyed by a second mortgage deed the Sassafras Fork tract to the plaintiff with a like power of sale. On June 10th, 1875, the association rendered to the defendant a statement of his account; showing his indebtedness in the aggregate to be fourteen hundred and eighty-nine dollars and seventy-two cents. The defendant being in default, the association proceded on July 5th following, after due advertisement, to offer both tracts at public sale. The Hunt land was first sold, and the Sassafras Fork tract bid off by the defendant, and he not complying with the terms was again put up and bought by the plaintiff at the price of six hundred and five dollars. Of this sum the plaintiff paid over to the association five hundred and forty-two dollars, the balance due, and retained the residue to be applied to his own debt. The defendant made no complaint or objection at either sale, and had before said to the plaintiff that he wanted the property sold "as the only way of getting out of the concern." The association thereupon through its officers and (there being no corporate seal) with their individual seals annexed to each name, executed a deed for the said land to the plaintiff.

The present action is instituted to recover possession, the plaintiff claiming title both under the deed of the association and the mortgage to himself. The defendant denied the plaintiff's right of possession and asserted his own to the land, but in an amended answer permitted at spring term, 1879, after verdict, admits the plaintiff's title, reiterates his denial of the right of possession and insists on his right of redemption on payment of what is due on the plaintiff's secured note. A single issue, outside of the contention of the pleadings, was submitted to the jury, who respond that the land described in the first mortgage to the

association and in that made to the plaintiff is the same land mentioned in the complaint. No other facts seem to have been controverted. The court declared the defendant entitled to redeem, and adjudged that he be allowed to do so on payment of the debt secured in the mortgage to the plaintiff at any time before the last Monday in July, 1879, and that, in default, the clerk proceed to advertise and sell the land at the court house door in Oxford for cash, and apply the proceeds to the plaintiff's said debt and the costs of the action, and pay over the residue if any to the defendant. From this ruling the plaintiff appeals and presents its correctness for our revision.

Very much of the argument before us, forcible and exhaustive, was expended in exposing the alleged usurious and oppressive character of the transactions between the association and the defendant, a redeemed shareholder, and to show the invalidity of the deed of the corporation for non-compliance with the requirements of the statute. Rev. Code, ch. 26, § 22. In our view the results of the discussion do not reach the decisive issue upon which the merits of the controversy depend, and we will only remark that the case cited (*Mill Dam Foundry* v. *Harvy*, 17 Pick., 417,) strongly supports the validity of the execution of the deed to the plaintiff and the sufficiency of the recognition of the seals used and adopted as those of the corporation itself, in the absence of any of its own.

It is a well established principle that a trustee who pays off an encumbrance or buys in an outstanding title superior to his own, cannot hold the relieved estate for his own benefit, but the act enures to the benefit of those interested in the trust estate for whom he is trustee. The doctrine is fully and elaborately discussed in its various relations in the notes to *Fox* v. *Macreth*, 2 White & Tudor's L. C. Eq., 72, and to some of the cases cited we propose to refer:.

In *Bell* v. *Webb*, 2 Gill., 164, the trustee in a deed to sell

for the payment of debts purchased at a sheriff's sale through his agent some of the trust property, and it was decided that the *cestui que trust* was entitled to the benefit of the purchase and that the trustee had a first claim to be reimbursed for his expenditure therein.

In *Van Epps* v. *Van Epps,* 9 Paige, 238, a person who held a second mortgage in trust for third parties bought the premises for himself at a sale under the first mortgage for a sum insufficient to satisfy both mortgages, and the chancellor declared that " the defendant is wrong in supposing that he was authorized to become the purchaser of the farm under the master's sale upon the prior mortgage for his own exclusive benefit to the prejudice of the subsequent mortgage which he held in trust for others. The duty of the trustee, as the holder of the junior mortgage, was to make the mortgaged premises if possible produce upon the sale sufficient not only to pay off the prior encumbrance and the costs of foreclosure, but also to satisfy the subsequent encumbrance which he held in his fiduciary character, *and this duty came directly in conflict with his interest as a purchaser for his own benefit, to bid in the property at the lowest sum for which he could obtain it.* McGinn v. Shaffer, 7 Watts, 412.

The same principle is declared by this court in *Boyd* v. *Hawkins,* 2 Ired. Eq., 304, the facts of which were these: Land lying partly in Warren and partly in Granville county was conveyed upon certain trusts to one Pitts, who assigned and conveyed the estate to the defendant. There was no registration in Granville, and a creditor of the mortgagor obtained judgment against him and issued a *fi. fa.* to that county, under which the sheriff sold the land therein to one Robards, attorney of the creditor, and he immediately thereupon sold to the defendant Hawkins. GASTON, J., delivering the opinion uses this forcible language: " We hold it to be clear that the defendant cannot take to himself the benefit of the purchase from Robards. A trustee without

the unequivocal assent of the *cestui que trust* cannot act for his own benefit in a contract on the subject of the trust. It is established upon the soundest principles, that if he should so contract expressly for himself, he shall not be suffered to turn the speculation to his own advantage." While then the trustee is disabled from acquiring a paramount title in another to the trust estate for his personal advantage and in disregard of the equitable interests of those represented by him, he has a clear right to reimbursement of the moneys expended in making the purchase or removing the encumbrance; and the estate in his hands is charged therewith in preference to the trusts expressed in the deed.

The conduct of the defendant at the sale, his acquiescense therein and his bidding the property in himself forbids his treatment of the plaintiff's purchase as an officious and needless expenditure, and we think shuts out any inquiry in this action into the dealings between the association and himself, to lessen his liability and reduce the sum expended by the plaintiff. The latter acted in good faith and without any knowledge of the methods and operations of the association as affecting the defendant, and is entitled to full reimbursement out of the proceeds of any future sale under his own mortgage.

The judgment below is erroneous in excluding this claim and directing the money remaining in the commissioner's hands after satisfaction of the plaintiff's secured note, to be paid over to the defendant. The proceeds must be first applied to reimburse the plaintiff the sum paid over to the association with interest, and, subject thereto, be disposed of as required by the judgment in the superior court. The judgment must therefore be reversed, and this will be certified that further proceedings be had in conformity to the law as declared in this opinion, and it is so adjudged.

Error.                                                    Reversed.