SIMEON WOOTEN v. J. T. SUGG, Tax-collector.

*Lien for Taxes on Land Mortgaged before Taxes Assessed—Purchaser at Foreclosure Sale Without Notice.*

1. It is incumbent on a mortgagee to see to it that the land mortgaged is listed for taxes and that the taxes be paid.

2. Land sold on the foreclosure of a mortgage is liable for taxes assessed after the execution of the mortgage.

CIVIL ACTION to restrain the defendant, who was Tax-collector of Greene county, for the collection of arrears of taxes for certain years, from selling land which plaintiff had bought on the foreclosure of a mortgage held by him, heard on exceptions to referee's report before *Bryan, J.*, at Spring Term of GREENE Superior Court.

The facts proved by the referee (F. A. Woodard, Esq.) were substantially as follows:

That on the 3d of April, 1883, William I. Wooten and wife executed to the plaintiff, Simeon Wooten, a mortgage upon one tract of land, situated in Greene county, to secure two notes of $5,000 each, and at a sale made by a commission appointed by the Court in foreclosure proceedings, on December 1, 1891, the plaintiff bought and received a deed for the land; that for the year 1884, the said William I. Wooten being in the possession of said real estate, listed the same for taxation, and the amount of tax assessed against said real estate and other property owned by said William I. Wooten for the year 1884 was $58.17, and that no part of said tax has ever been paid; that at the time of the sale of said real estate by the commissioner, under said decree of foreclosure, the said Simeon Wooten had notice that Sheriff Harper, who was Sheriff in 1884, claimed that the said William I. Wooten owed some back taxes; that the defendant, James T. Sugg, was duly appointed Tax-collector under the Act of the General Assembly of North Carolina, chapter 3 of the Laws of 1891, and levied upon the land described in said mortgage.

Upon the foregoing facts the referee found as conclusions of law that the plaintiff Simeon Wooten was a purchaser for value of the land conveyed in said mortgage; that having no notice at the time of the execution of the mortgage to him that any taxes were due thereon, the said land was not liable for said taxes.

The defendant, J. T. Sugg, Tax-collector, excepted to the report of the referee, upon the ground that the referee erred in his first conclusion of law in holding that the plaintiff, Simeon Wooten, was a purchaser for value of the land conveyed in said mortgage, whereas the referee should have held that the plaintiff was a purchaser of said land

from the time of the sale by the commissioner, and not a purchaser from the date of the execution of said mortgage; also that the referee erred in his second conclusion of law in finding "that having no notice at the time of the execution of the mortgage to him that any taxes were due on said land, the plaintiff was not liable for said taxes," whereas he should have held that the taxes claimed by defendant having been levied upon said land since the execution of said mortgage, to-wit, for the year 1884 (see fourth finding of fact), and having found as a fact that the plaintiff had notice of said taxes being due before he purchased the land under the foreclosure sale, he should have held that said lands were liable for said taxes, and should have directed that the injunction be dissolved.

The exceptions were overruled, and defendant appealed.

*Mr. T. C. Wooten,* for plaintiff.
*Mr. George M. Lindsay,* for defendant (appellant).

BURWELL, J.: What has been said in *Moore* v. *Sugg,* at this Term, disposes of the defendant's first exception. In the view we take of the matter involved in this appeal that exception is not important here.

There was error in overruling his second exception. The tax which the defendant insists is a burden on the land now owned by the plaintiff was assessed against that property for the year 1884, while the mortgage under foreclosure of which he claims title was made to him in 1893. And while it was undoubtedly the duty of the mortgagor in possession to list the land for taxation and to pay to the proper officer the tax levied on it for each year, it was also incumbent on the mortgagee, the owner of the legal title, to see to it that this was done. It was his property, and the statute (*The Code,* §3700) had provided how he might pay

such taxes without loss to himself.    Without such a provision it was his privilege as mortgagee to pay the tax and attach the sum so paid to his mortgage debt.    Jones on Mortgages, section 1080.    The lien of the tax of 1884 on the land was superior to the right either of this mortgagee or mortgagor.    And the title of the plaintiff from the commissioner, relating back as it does to the date of the mortgage, cannot relieve the property of this burden of unpaid taxes.    The plaintiff when a mortgagee held *cum onere;* as purchaser at the foreclosure sale he holds the land in like plight.    This case is clearly distinguishable from *Moore* v. *Sugg, supra.*

The constitutionality of the act authorizing the collection of arrears of taxes, such as that under the provisions of which the defendant is proceeding, has been decided. *Jones* v. *Arrington*, 21 N. C., 125.    Upon the facts found it should have been adjudged that the injunction be dissolved.

Reversed.