W. R. CAULEY v. J. R. SUTTON ET AL.

(Filed 24 March, 1909.)

1. **Mortgagor and Mortgagee—Trusts and Trustees—Tax Deeds.**
    A mortgagee holds the legal title to the mortgaged lands in trust for the mortgagor and himself, and by subsequently acquiring a tax deed to the mortgaged premises he cannot deprive the mortgagor of his equity of redemption.

2. **Same—Additional Mortgage Lien.**
    Money subsequently paid by a mortgagee to acquire a tax title on the mortgaged lands becomes a lien on the land. (Revisal, sec. 2858.)

3. **Mortgagor and Mortgagee—Trusts and Trustees—Legal Title—Possession—Limitation of Actions.**

> The statute of limitations does not run against a mortgagor in possession of lands by reason of the legal title being in the mortgagee, not in possession. (Revisal, sec. 385, subsec. 4.)

4. **Mortgagor and Mortgagee—Mortgage Deed—One Action—Procedure.**

> In an action brought for the cancellation of a mortgage and for general relief it is the better procedure to ascertain, when appropriate, the amount due upon the mortgage debt, so that redemption or foreclosure can be had and all controversy between the parties settled in the same action. The judgment in this action will be considered interlocutory, or final, according as the parties may determine to proceed.

ACTION tried before *Lyon, J.,* and a jury, at November Term, 1908, of LENOIR.

Defendants appealed.

G. V. Cowper and Y. T. Ormond for plaintiff.
Loftin, Varser & Dawson and Murray Allen for defendants.

WALKER, J. This action was brought for the purpose of having canceled a tax deed executed by the sheriff to Ben Sutton, and also a mortgage on land executed by the plaintiff to Ben Sutton, which he alleged had been satisfied. The defendants are the heirs of Ben Sutton, who is dead. The plaintiff alleged, and there was evidence tending to prove, that the mortgagee bought the land at a tax sale and received a deed from the sheriff therefor. The defendants averred that the tax sale was in all respects valid, and passed the absolute title to their ancestor, and that he had been in adverse possession of the land after the execution of the mortgage for a sufficient length of time to bar the plaintiff's cause of action under the statute of limitations. The court restricted the issues to the effect of the tax deed as a cloud upon the title, and refused to pass upon the question as to the payment of the debt secured by the mortgage, the administrator of Ben Sutton not being a party to the action. The jury found, in response to issues submitted to them, that Ben Sutton acquired no title to the land by the tax sale and the deed of the sheriff to him, and therefore that the plaintiff is

the owner of the land in controversy; in other words, that the tax deed did not deprive the plaintiff of his equity of redemption by conveying an absolute or unconditional estate to the ancestor of defendants. They further found that the plaintiff's cause of action was not barred by the statute of limitations. The court rendered judgment upon the verdict, and left all matters of account between the parties, with reference to the mortgage debt, to be determined in an independent action, without prejudice by reason of the proceedings and judgment in this suit. The defendant excepted and appealed.

The only question involved in this case is whether the mortgagee, by his purchase at the tax sale, acquired title to the land and thereby extinguished the plaintiff's equity of redemption. This question must be answered in the negative. In some States, where a mortgage is regarded only as a security for the debt and the legal title is not considered as in the mortgagee, it has been held that a mortgagee who is not in actual possession of the land may acquire the title by purchase at a tax sale as against the mortgagor. But this is not the rule with us. The legal estate passes to the mortgagee, and he holds it, not only in trust for himself, but also for the mortgagor. *McLeod v. Bullard,* 86 N. C., 210-216; *Capehart v. Dettrick,* 91 N. C., 344. We have held that if he pays off an encumbrance or buys in an outstanding title superior to his own he cannot hold it for his own benefit, but the act inures to the benefit of him for whom he holds as trustee; and, further, "if he buys at a sale made under a prior mortgage he does not acquire the title for his own personal benefit, but merely removes an encumbrance, and the charges of it as a prior lien, upon the property itself; and this is so, because he cannot take advantage of his position to the injury of those whose interests are committed to his protection." *Taylor v. Heggie,* 83 N. C., 244. The taxes assessed were a lien upon the land, and when the mortgagee bought at the sheriff's sale he purchased only an encumbrance, the cost of which he is entitled to have added to the debt secured by the mortgage, and it is therefore an additional lien upon the land. The mortgagee could have paid the taxes and acquired a lien upon the land to the extent of the amount so paid by him. The Code, sec. 3706 (Revisal, sec. 2858). He did not acquire the equitable

estate of the mortgagor, which still exists, notwithstanding his purchase at the tax sale, and he cannot use his deed for the purpose of asserting any right in conflict with the mortgagor's equity of redemption.

We find no error in the rulings of the court to which the numerous exceptions were taken. There was no evidence that the mortgagee had occupied the land for a sufficient length of time to bar the equity of redemption under the statute of limitations. A constructive possession by him, arising from the fact of his being the owner of the legal title, without actual possession for the required length of time, did not effect that result. *Simons v. Ballard,* 102 N. C., 105; *Parker v. Banks,* 79 N. C., 480; The Code, sec. 152 (4); Revisal, sec. 391 (4). The statute requiring actions to recover lands sold for taxes to be brought within three years after the execution of the sheriff's deed has no application to this action, as it was not brought for the recovery of the land. *Beck v. Meroney,* 135 N. C., 532. It was brought under the act of 1893, sec. 6 (Revisal, sec. 1589).

The plaintiff alleged that the debt had been paid, and asked for a cancellation of the mortgage and for general relief. It would have been a more correct procedure if the court had ascertained what amount, if any, is due upon the mortgage debt, proper parties being made for that purpose, so that the plaintiff could redeem or the mortgage be foreclosed by sale under the order of the court and all matters in controversy between the parties settled in one action. As it is, only a part of the case has been tried.

We do not commend the course pursued; and if the plaintiff or the defendants so desire, the Court may proceed further in the cause for the purpose herein indicated; otherwise the present judgment will stand as a final and not merely an interlocutory judgment in this action, without prejudice to the right of either party to proceed by an independent action to have determined the other matters of difference between them.

No Error.