M. Z. PEARCE v. CHARLES E. MONTAGUE.

(Filed 11 December, 1935.)

1. **Mortgages C d: Taxation H e—Where mortgagee acquires superior title by paying prior lien he holds such title for benefit of himself and mortgagor.**

   A mortgagor's equity of redemption is not extinguished by the mortgagee's purchase of the property at a tax foreclosure sale, since the mortgagee holds the superior title thereby acquired in trust for the benefit of himself and the mortgagor, and the mortgagor is entitled to redeem the land by paying the amount due on the mortgage plus the sum paid by the mortgagee by way of taxes.

2. **Ejectment B a—**

   Where plaintiff mortgagee bases his title in summary ejectment upon his past due but unforeclosed mortgage and his purchase of the property at a tax foreclosure sale, the action is properly dismissed for want of jurisdiction, since defendant mortgagor has an interest in the land.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Williams, J.*, at Second April Term, 1935, of WAKE. Affirmed.

*Gulley & Gulley for plaintiff, appellant.*
*Sherwood Brantley and Jones & Brassfield for defendant, appellee.*

SCHENCK, J. This is an action in summary ejectment, C. S., 2365, *et seq.*, instituted before the recorder's court of Wake Forest in the capacity of a justice of the peace. The action was dismissed by the recorder for the reason that it appeared upon the trial that he was without jurisdiction, since the title to the real estate was in controversy. From the judgment of the recorder dismissing the action, the plaintiff appealed to the Superior Court, and the action was there heard upon the following agreed facts:

"That on and prior to 6 February, 1930, the defendant Charles E. Montague was the owner in fee simple of the land in controversy, and that on or about 6 February, 1930, the defendant Charles E. Montague made, executed, and delivered to M. Z. Pearce, the plaintiff herein, a mortgage conveying said lands as security for an indebtedness of $60.00. That thereafter, to wit: On 15 December, 1930, M. Z. Pearce, the plaintiff, acquired a deed for said lands from a commissioner appointed in a proceeding brought to foreclose tax liens held by Wake County. That at the time of the foreclosure of said tax lien and the execution and delivery of said tax deed to the plaintiff the mortgage from the defendant to the plaintiff was unpaid, outstanding, and uncanceled of record. That the defendant has been in possession of the lands continuously since 1930, and this action is brought to eject him from said land under the Landlord and Tenant Act."

Upon the foregoing statement of facts the Court found that the defendant had an interest in the real estate involved and that the title to same was in controversy, and that an action in summary ejectment would not lie, and that the recorder, in whose court the action was originally instituted, properly dismissed the action for want of jurisdiction. To the judgment of the Superior Court affirming the judgment of the recorder, the plaintiff excepted, and appealed to this Court, assigning errors.

When the defendant executed and delivered to the plaintiff his mortgage, he was the owner of the equity of redemption in the lands and the mortgagee could not extinguish this equity of redemption by his purchase of the land at the tax sale, and the title which the mortgagee acquired at the tax sale is held by him in trust for himself and the defendant, the mortgagor, since when a mortgagee pays off an encumbrance and acquires a title superior to his title as mortgagee, he holds such title so

acquired as trustee for the benefit of himself and the mortgagor. *Cauley v. Sutton,* 150 N. C., 327.

It is clear that the defendant has an interest in the land from which the plaintiff seeks to eject him, this interest being the equity of redemption and the right to redeem upon paying to the plaintiff the amount due on the mortgage, plus such sum as the plaintiff may have paid by way of taxes, and his having such an interest in said lands puts the title to real estate in controversy, and for that reason the recorder, sitting as a justice of the peace, properly dismissed the action, and the Superior Court, upon appeal, properly affirmed his judgment.

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.