### A. S. KING v. IVY LEWIS AND WIFE, EVA KING LEWIS.

(Filed 20 May, 1942.)

**1. Mortgages § 25—**

Ordinarily, the acquisition by the mortgagee of an outstanding title, by purchase at a tax sale or at the foreclosure of a prior lien or otherwise, will be deemed for the benefit of himself and mortgagor, and the mortgagor will be permitted to redeem upon payment of the total of the debts.

**2. Same—**

Where a will directs that the land be sold and the proceeds of sale divided among the beneficiaries, and a beneficiary mortgages his interest prior to the sale by the executor, and the mortgagee purchases at the executor's sale, the mortgagor cannot contend that as to his share of the land the relationship of mortgagor and mortgagee continues to exist, since the executor's sale divests the beneficiaries of all interest in the land, legal or equitable, upon which the right of redemption can be predicated.

**3. Wills § 46—**

Where a will directs that certain lands be sold and the proceeds of sale divided among named beneficiaries, each beneficiary takes his interest subject to the provisions of the will and cannot convey or encumber same in any manner which would affect the absolute power of sale contained in the will, and upon sale by the executor the interest of each beneficiary in the land is divested and transferred to the proceeds of sale.

**4. Same: Mortgages § 2a—**

Where a will directs that lands be sold and the proceeds be divided among named beneficiaries, and a beneficiary mortgages his interest prior to the sale by the executor, the mortgage is an equitable assignment to the extent of the indebtedness secured thereby of the mortgagor's share in the proceeds of sale, and this result is unaffected by the purchase of the land by the mortgagee at the executor's sale.

APPEAL by defendants from *Bone, J.,* at October Term, 1941, of PENDER.

This is a civil action and the facts and contentions pertinent to this appeal are as follows:

Robert S. Atkinson, late of Pender County, N. C., died on the . .... day of February, 1936, leaving a last will and testament, which was duly admitted to probate in the office of the clerk of Superior Court in Pender County, on 14 February, 1936.

The 6th Item of said will provides as follows: "I direct my executor, hereinafter named, as soon after my death as is practicable, to sell my Sloop Point Farm (consisting of about 100 acres) and to divide the proceeds, equally among the following, or to the children *per stirpes* of each as may die before the division of the proceeds from the sale above mentioned; Mrs. Ganell Stanley, Mrs. Eva Lewis, Mrs. Laura Hall, Mrs. Malba King, Miss Grace Atkinson, Miss Annie L. Atkinson, Miss Ruth Atkinson, Miss Kathrine Hall, Miss Daisy Atkinson."

On 31 January, 1938, Eva Lewis, one of the legatees of one-ninth of the proceeds from the sale of the real estate described in the above Item of said will, and her husband, Ivy Lewis, executed and delivered to A. S. King, plaintiff herein, a mortgage deed conveying to A. S. King a one-ninth interest in the land known as the "Sloop Point Plantation," to secure an indebtedness of $225.00, evidenced by a note executed and delivered by defendants to plaintiff of even date therewith, said note payable 1 November, 1938. The aforesaid mortgage was duly registered in the office of the register of deeds of Pender County.

The defendants paid to the plaintiff the sum of $50.00 on said note 1 October, 1938, no other payment has been made by defendants on the aforesaid indebtedness. Defendants admit they owe a balance to plaintiff of $184.00, together with interest at six per cent from 1 October, 1938, until paid.

The Wilmington Savings & Trust Co., of Wilmington, N. C., duly qualified as executor of the last will and testament of Robert S. Atkinson, on 14 February, 1936,.and immediately entered upon the discharge of its duties as such, and was acting in such capacity on 19 February, 1940, when, in the exercise of the absolute power of sale contained in the 6th Item of the aforesaid will, said executor executed and delivered to Adrian S. King and wife, Hettie Mae King, a deed in fee simple for the Sloop Point Plantation, being the same property described in the mortgage deed referred to herein. Adrian S. King and wife, Hettie Mae King, paid a consideration of $1,500.00 for said property.

It is admitted that the interest of the defendant Eva Lewis in the proceeds from the sale of the aforesaid property is $166.67, which sum is now held in the office of the clerk of the Superior Court of Pender County, pending the outcome of this action.

The defendants filed an answer admitting all the material allegations in the complaint; but alleging that the relationship of mortgagor and mortgagee existed at the time plaintiff and his wife, Hettie Mae King, acquired the outstanding title to said land; and that, plaintiff holds title to said land as trustee for himself as mortgagee and for the defendants as mortgagors. Defendants further allege that they are entitled to redeem said land and to have their one-ninth interest in the same allotted to them in severalty; and also that they are entitled to an accounting of the income received from the property by the plaintiff and his wife, since 19 February, 1940.

Upon the foregoing facts and contentions set forth in the pleadings, his Honor rendered judgment on the pleadings, and held the plaintiff is entitled to receive the $166.67, which represents the interest of the defendant Eva Lewis in the proceeds from the sale of the land referred to in the pleadings, said sum to be applied by plaintiff as a credit on the note held by him against defendants and directed the clerk of the court to pay said fund to plaintiff, and further held the defendants are not entitled to the relief sought in their answer and denied the same.

From the judgment the defendants excepted and appealed to the Supreme Court, assigning error.

*Clifton L. Moore for plaintiff.*
*Corbett & Johnson for defendants.*

DENNY, J. The defendants insist that at the time the plaintiff and his wife, Hettie Mae King, acquired the title to the property under consideration, the relationship of mortgagor and mortgagee existed between the plaintiff and the defendants; consequently, the plaintiff, A. S. King, is a trustee for himself as mortgagee and the defendants as mortgagors. This position cannot be sustained. We are not inadvertent to the opinions of this Court, which hold that a mortgagor cannot buy a superior title or lien to that held by him; and hold it for his own benefit, but the act inures to the benefit of him for whom he holds as trustee. The defendants are relying on *Cauley v. Sutton,* 150 N. C., 327, 64 S. E., 3, in which the Court said: "The legal estate passes to the mortgagee, and he holds it, not only in trust for himself, but also for the mortgagor. *McLeod v. Bullard,* 86 N. C., 210-216; *Capehart v. Dettrick,* 91 N. C., 344. We have held that if he pays off an encumbrance or buys in an outstanding title superior to his own he cannot hold it for his own benefit, but the act inures to the benefit of him for whom he holds as trustee; and, further, 'if he buys at a sale made under a prior mortgage he does not acquire the title for his own personal benefit, but merely removes an encumbrance, and the charges of it as a prior lien, upon the property

itself; and this is so, because he cannot take advantage of his position to the injury of those whose interests are committed to his protection.' *Taylor v. Heggie,* 83 N. C., 244. The taxes assessed were a lien upon the land, and when the mortgagee bought at the sheriff's sale he purchased only an encumbrance, the cost of which he is entitled to have added to the debt secured by the mortgage, and it is therefore an additional lien upon the land. The mortgagee could have paid the taxes and acquired a lien upon the land to the extent of the amount so paid by him. The Code, sec. 3706 (Revisal, sec. 2858). He did not acquire the equitable estate of the mortgagor, which still exists, notwithstanding his purchase at the tax sale, and he cannot use his deed for the purpose of asserting any right in conflict with the mortgagor's equity of redemption."

In the foregoing opinion, as well as in the cases cited therein, the Court was considering the rights of a mortgagor where the mortgagee had obtained a superior title by a tax deed or by the purchase of the interest of his mortgagor at a sale to satisfy a prior encumbrance.

"It is very generally conceded that the holder of a mortgage is entitled for the protection of his interest to pay taxes assessed against the mortgaged premises in the event of failure by the mortgagor to discharge them, and that he has a right to add the sums so paid to the mortgage debt; however, all authorities agree that a mortgagee in possession cannot acquire a tax title which will prevail against the mortgagor or those claiming under him, and some courts hold that irrespective of possession a mortgagee cannot purchase the mortgaged property at a tax sale and thus acquire a title which will defeat the rights of the mortgagor, the act of purchasing at such a sale being deemed to be for the protection of the mortgage lien." 19 R. C. L., sec. 174, p. 397.

In the case of *Jones v. Warren,* 213 N. C., 730, 197 S. E., 599, a provision in a will, similar to that now under consideration, was construed. Prior to the exercise of the power in the will, Walter Warren, a beneficiary under the will, gave four deeds of trust on the real estate which the devisor had directed his executor to sell and to distribute the net balance to his children in accordance with the provisions of the will. After the deeds of trust had been executed and duly recorded, a judgment was docketed against the said Walter Warren. The opinion of the Court disposed of the questions involved in the following language: "We think the four deeds of trust before mentioned, which were duly recorded, from their language gave a lien on the real estate, and when sold and converted into money an equitable lien in their favor attached to same and the judgment purchased by the appellant Pollard was subject to the liens of said deeds of trust. . . . The judgment of the lower court should be sustained for the reason that the law, as interpreted by the courts of this

State and others, is to the effect that the deeds of trust given by Walter Warren constituted equitable assignments of his interest in the proceeds of the sale of the property described therein, and that the judgment creditors have no lien against the land." The Court cited *Ferebee v. Proctor,* 19 N. C., 439, in which *Ruffin, C. J.,* said: "If the will does not devise the land, but creates a power to sell it, then, upon the execution of the power, the purchaser is in under the will, as if his name had been inserted in it as a devisee. But, in the meantime, the land descends, and the estate is in the heir. The power is not the estate, but only an authority over it, and a legal capacity to convey it. These are elementary maxims. But it is supposed that the testator had disposed of this land by directing a sale of it absolutely, and a division of the proceeds, so as to turn it out and out, as it is called, into personalty; and that this defeated the descent. When sold, the estate of the heir will certainly be divested; but such a provision in the will is. only the creation of a power; it is a disposition of the proceeds of the land, but not a disposition of the land itself; and that consequently descends. The doctrine of conversion is purely equitable. The law knows nothing of it. A court of equity, by considering that as done which ought to be done, deals with land ordered to be sold as if it were sold. But a court of law always looks upon land as land, and has regard only to the legal title, which is unaffected by any power, whether it be a naked one, or coupled with an interest, or a trust until the power be executed." *Speed v. Perry,* 167 N. C., 122, 83 S. E., 175.

The defendants, by executing the mortgage deed to the plaintiff herein, did not convey any title or interest in the real estate described therein that could be sold or conveyed thereunder which would in any way affect the absolute power of sale in the will of Robert S. Atkinson. The bare legal title to the one-ninth undivided interest in said land was held by Eva King Lewis and her husband Ivy Lewis, subject to the provisions of the aforesaid will; and their interest in the real estate involved was divested upon the execution of the power in the will, and was transferred to the proceeds from the sale of the land. The mortgage deed executed by these defendants is effective as an equitable assignment of the interest of the defendants to the extent of the indebtedness secured thereby, which is in excess of the pro rata part of the proceeds to which these defendants would otherwise be entitled. *Jones v. Warren, supra.*

The facts here are distinguishable from those in *Cauley v. Sutton, supra;* these defendants hold no title, legal or equitable, in the land involved which gives them the right of redemption.

The judgment of the court below is
Affirmed.