ERNEST REDIC v. MECHANICS AND FARMERS BANK, J. E. STRICK-
LAND AND WIFE, JUANITA A. STRICKLAND, AND S. T. GIBSON, AND
WIFE, THELMA G. GIBSON.

(Filed 24 November, 1954.)

**1. Mortgages § 14—**

In a tax foreclosure by a commissioner duly appointed, the holder of a
note secured by a deed of trust on the property has the right to purchase
the encumbered land for the purpose of protecting its security, and,
nothing else appearing, such purchase creates no trust in favor of the
debtor.

**2. Same—**

Provision in a deed of trust that upon default or failure of trustor to
comply with any of the conditions or covenants of the instrument, the
creditor, immediately before instituting foreclosure proceedings, should
have the right to enter upon the land and collect the rents and income and
apply same to the debt, taxes, and insurance, *is held* for the protection of
the creditor, and creates a right but imposes no duty upon the creditor to
prevent foreclosure or redeem the land from tax sale. Further, such right
does not accrue prior to default or the institution of foreclosure proceed-
ings.

**3. Same—**

G.S. 105-409 was enacted for the benefit and protection of holders of
notes and bonds secured by deeds of trust or mortgages, and it vests them
with the right, at their election, to pay taxes due on the property to protect
their security, but imposes no duty upon them to do so for the protection
of the trustor.

**4. Same—**

Where the holder of a note secured by a deed of trust purchases the
land at a tax foreclosure, but does not go into possession or collect the
rents and profits from the land until after trustor had been divested of
any interest in the land by such tax foreclosure, the transaction creates
no equity in favor of trustor, and trustor is not entitled to impress a trust
upon the creditor's title or enforce an accounting, either under the pro-
visions of G.S. 105-409, or under provisions of the deed of trust giving the
creditor the right, upon default, to enter upon the land, and apply the rents
and income therefrom to the debt, taxes and insurance.

**5. Pleadings § 19c—**

Where the allegations of the complaint constitute a statement of a de-
fective cause of action rather than a defective statement of a good cause
of action, judgment sustaining the demurrer and dismissing the action is
proper.

APPEAL by plaintiff from *Hall, Special J.,* August Term 1954, WAKE.
Affirmed.

Civil action to impress a trust on the title of defendants to the real
property described in the complaint for the use and benefit of plaintiff,
heard on demurrer to the complaint.

On 8 April 1935 the plaintiff borrowed from the defendant Bank $336.45. As security for the payment thereof, he and his wife (now deceased) executed a trust deed on the *locus* to R. L. McDougald, which trust deed contained the usual power of sale. It likewise contained the following provision, to wit:

"That on the failure of the parties of the first part to pay when due the bond secured by this conveyance, or any part of the principal or interest thereon, as the same shall fall due, or on the failure to comply with any of the conditions, covenants or agreements of this instrument, the party of the second part without waiving any rights given him by this instrument to foreclose this deed of trust shall have the right immediately before any foreclosure proceedings either in court or by advertising, to enter himself and collect the rents and income from the property and apply the same to the payment of taxes, insurance premiums, assessments and the principal and interest of the obligation hereby secured . . ."

On or about 1 July 1935, Wake County instituted an action to foreclose its tax lien on said property. Defendant Bank was made a party thereto. The foreclosure sale was had 24 August 1936 by the commissioner appointed by the court. Defendant Gibson appeared at the sale and became the purchaser at the price of $205. Foreclosure deed was duly executed to him. On 15 August 1936, the Bank petitioned the court for an order directing the payment to it of any balance remaining from the tax foreclosure sale after the satisfaction of the tax claim, costs, and expenses, for application upon its note; and it was thereafter paid the sum of $66.65 as a credit on its note.

On or about 15 December 1937, the Bank or its agent entered in possession of the *locus* and began collecting rents and has continued to collect rents from said land since that date. On 18 March 1938, Gibson and wife conveyed the *locus* to defendant Bank· On 13 April 1950, the Bank, "having acquired a superior title adverse to that held by the plaintiff and also to itself as *cestui que trust*," conveyed the property to defendant Juanita A. Strickland, wife of J. E. Strickland, Vice-President of defendant Bank and manager of its Raleigh branch. This deed was filed for registration 21 April 1952. On 9 April 1951, defendant Strickland and wife executed a deed thereto to S. T. Gibson, trustee, and on the same date Gibson, trustee, reconveyed the property to Strickland and wife so as to create an estate by entirety in said two defendants.

These are the essential facts alleged by the plaintiff upon which he bases the allegation that defendant Bank thus acquired title to the mortgaged property "in disregard to the statute allowing the Trustee under the deed of trust to pay said taxes and add it to the original indebtedness and further disregarding the express proviso to allow said Trustee to enter and collect rents and profits and to apply the same to taxes and other

assessments against the property without waving the right to foreclose, as set out hereinbefore in paragraph V, and said defendants allowed a tax foreclosure and sale of said property by John W. Hinsdale, Commissioner, on the 24th day of August, 1936, for the sum of two hundred and five ($205) dollars, by deed recorded in Book 606 at page 144, Wake County Registry, to the defendant S. T. Gibson, of whom the plaintiff is informed and believes and on information and belief alleges that said defendant S. T. Gibson was acting solely in the interest of and under the direction and control of the defendant Mechanics and Farmers Bank in purchasing said property at the sale hereinbefore set out."

He further alleges that he has never received any statement of the amount of rents or other profits from said land collected and received by defendant Bank, and that the amount of such rents and other profits so received is clearly in excess of the balance due on said note "and the plaintiff is entitled to and demands an accounting by the defendant Mechanics and Farmers Bank for such rents and profits."

He prays (1) an accounting for the proceeds of rents and profits collected by the Bank, (2) that he recover any excess thereof over and above the amount required to pay the note held by the Bank, (3) that the note executed and delivered to the Bank and the deed of trust executed and delivered to McDougald, trustee, be canceled, and (4) that the several deeds alleged in the complaint, including the deed from Hinsdale, commissioner, to S. T. Gibson, be declared null and void.

When the cause came on for hearing, the court below entered its order sustaining the demurrer and dismissing the action. Plaintiff excepted and appealed.

*Wright T. Dixon, Jr., for plaintiff appellant.*
*Paul C. West for defendant appellee Mechanics and Farmers Bank.*
*Ellis Nassif and J. C. Keeter for defendant appellees J. E. Strickland and wife, Juanita A. Strickland, and S. T. Gibson and wife, Thelma G. Gibson.*

BARNHILL, C. J. For some undisclosed reason plaintiff prays cancellation of the tax foreclosure deed. But whether plaintiff has stated a cause of action does not depend upon the validity or invalidity of the tax foreclosure deed. The quality of the estate it conveyed to Gibson, and through him to the defendant Bank, is the determinative factor.

The holder of a note secured by deed of trust on real property has the right to purchase the encumbered land at a sale had in a tax foreclosure proceeding. When the creditor is a bank entrusted with the investment of the money of its depositors, it may well be said that it is its duty to appear at such sales and, if necessary to protect the best interests of its

depositors, bid therefor whatever in its best judgment is necessary to that end.

Here there was no relationship whatsoever between the defendant Bank and the commissioner appointed to make sale in the tax foreclosure proceeding which placed the obligation on the Bank to purchase the land for the use and benefit of plaintiff. The commissioner was making sale in foreclosure of a senior lien, and the Bank was the holder of a junior encumbrance the value of which might be completely destroyed by the tax foreclosure sale. Nothing in connection with this bare relationship could possibly create an obligation on the part of the Bank to purchase the land at said sale for the use and benefit of its debtor· Its first duty was to protect its depositors.

In any event, plaintiff does not rely upon the existence of a relationship between the commissioner to make sale and the defendants which created a fiduciary relation between the two. The cause of action he conceives exists in his favor against the defendants is made to rest upon the provisions of the paragraph contained in the trust deed to McDougald quoted in the foregoing statement of facts, granting the trustee the right "immediately before any foreclosure proceedings whether in court or by advertising" to enter upon the premises and "collect the rents and income from the property and apply the same to the payment of taxes, insurance premiums, assessments and the principal and interest of the obligation" secured thereby, and the provisions of G.S. 105-409 vesting in the holder of a lien upon real property the right to pay the taxes assessed against the mortgagor to the extent they are a lien upon the property. He takes the position that they created a positive obligation on the part of defendant Bank to pay the taxes due by plaintiff on the *locus* and thereby avoid the tax foreclosure sale. He alleges in effect that the defendant Bank breached this duty and instead appeared at the foreclosure sale through its agent and purchased the land for its own use and benefit. His alleged cause of action is grounded upon the assumption that by reason of this alleged breach of trust, equity will impress a trust upon the title thus acquired by defendant for his use and benefit. But this assumption is not well founded.

The provision in the trust deed was for the protection of the creditor. It created a right but imposed no duty. Furthermore, as there had been no default at that time, and no foreclosure of the trust deed "in court or by advertising" was ever begun, the right of entry to collect the rents and profits had not accrued at the time plaintiff was divested of his equity of redemption by the tax foreclosure deed.

Likewise, G.S. 105-409 was enacted for the benefit and protection of the holders of notes and bonds secured by a trust deed or mortgage on real property. It vests them with the right, at their election, to pay taxes due

on their security without being charged with having made a voluntary payment and creates a lien on the property in their behalf as security for the payment of the amount thus expended by the creditor to pay the taxes due by his debtor.

The defendants did not owe the plaintiff the duty to pay his taxes assessed against his property. Their failure so to do created no equity in favor of plaintiff which may be made the basis of an action to impress a trust upon the title of the defendants in favor of plaintiff. As they did not take possession of the property and begin collecting the rents and profits until after plaintiff had been divested of any interest in the land, plaintiff is not entitled to an accounting.

The decisions cited and relied on by plaintiff are not in point. They are clearly distinguishable.

Since the allegations contained in the complaint constitute a statement of a defective cause of action rather than a defective statement of a good cause, *Davis v. Rhodes,* 231 N.C. 71, 56 S.E. 2d 43; *Scott v. Veneer Co.,* 240 N.C. 73; *Mills v. Richardson,* 240 N.C. 187, the judgment sustaining the demurrer and dismissing the action must be

Affirmed.